## NELS A. HOLM v. IRENE KING.[1]

December 30, 1927.

No. 26,400.

**Contributory negligence of decedent was a question for the jury.**
> The evidence made the question of contributory negligence a question for the jury.

Motor Vehicles, 42 C. J. p. 1270 n. 45.

Plaintiff appealed from an order of the district court for Ramsey county, McNally, J. denying his motion for a new trial. Affirmed.
*Weikert, Lohmann & Wilford,* for appellant.
*Briggs, Weyl & Briggs,* for respondent.

TAYLOR, C.
Action to recover damages for the death of plaintiff's son, Glen Holm, a boy 13 years and 9 months of age at the time of his death. The jury returned a verdict for defendant, and plaintiff appeals from an order denying a new trial.

The sole question presented by the record is whether the court erred in submitting to the jury the question of contributory negligence on the part of the boy.

[1]Reported in 217 N. W. 122.

The accident happened shortly before eight o'clock on the evening of December 2, 1926, on Payne avenue in the city of St. Paul at a point 60 or 70 feet south of the intersection of that street with Wheelock Parkway. Payne avenue extends north and south and carries double street car tracks. It is paved outside the street car tracks but not between them. Defendant, riding alone in her automobile, was proceeding south on the pavement along the west side of the street. The headlights on the automobile were lit. She states that the boy was crouching near the edge of the pavement reaching toward the street car rail, and that she did not see him until the moment of the collision. He received injuries from which he died three days later.

At the time of the accident, Glen Holm and two other boys, Emil and Harry Blomgren, were on their way to a moving picture show. They lived north of Wheelock Parkway and east of Payne avenue. They crossed the parkway to the southeast corner of the intersection. They were running, Emil in the lead, Harry next and Glen last. When he reached the southeast corner of the intersection, Emil crossed over to the sidewalk on the west side of Payne avenue. Harry and Glen ran diagonally down and across Payne avenue coming upon the sidewalk immediately in front of Wesley Malmstrom and Lillian Klope who were walking south on that side of the street. Mr. Malmstrom says they came running onto the sidewalk and then one of them turned and ran back in the direction from which he had come. A moment later he heard the collision, looked and saw an automobile pass and a boy lying in the street. He ran out and picked up the boy and carried him into a store at the corner. He had not seen the boys until they came upon the sidewalk in front of him, had paid no attention to them and did not see the collision. Miss Klope says she saw two boys running diagonally across the street one ahead of the other; that the one in the lead placed something on the track and ran in front of her and down the sidewalk; that as the second boy came on the sidewalk in front of her the one ahead called back to him to "fix it;" that this boy ran back into the street; that she looked back and saw an automobile and a street car approaching; that the accident hap-

pened as she glanced back again, but she did not see the automobile strike the boy; and that when the street car passed she heard an explosion. Asked what time elapsed between the time the boy turned back and the happening of the accident, she answered, "Just a matter of a second or so."

It is true, as claimed by plaintiff, that the boy being dead he is presumed to have exercised due care for his own safety in the absence of evidence to the contrary; but we think the testimony to which we have referred was sufficient to make the question of his contributory negligence a question for the jury. The court was careful to instruct the jury that he was not held to the degree of care required of an adult, but to the degree of care which an ordinarily prudent boy of his age would exercise under like circumstances.

Plaintiff contends that the court erred in not instructing the jury that the burden was on defendant to prove that the contributory negligence of the boy was the proximate cause of the injury. There was no exception at the trial and no assignment of error in the motion for a new trial that raises such a question. However the rule does not go to the extent claimed by plaintiff, and was given in the instruction, that if the boy's "negligence contributed toward the cause of this collision between himself and this car, then the plaintiff in this case cannot recover." The court further told the jury that defendant had the burden of proving contributory negligence and must prove it by the greater weight of evidence.

We find no errors, and the order is affirmed.